In the Matter of JUNE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [809 NYS2d 905]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about October 25, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, attempted assault in the third degree and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress an inculpatory statement. The record supports the court's finding that the statement was spontaneous, so that *Miranda* warnings were not required. While transporting appellant by car, one offi-

cer made the following simple comment to another officer, in reference to the crime for which appellant was under arrest: "It was messed up what happened to the kid." The officer's statement was not reasonably likely to elicit an incriminating response (see *Rhode Island v Innis*, 446 US 291, 300-301 [1980]). The record does not establish that the officer intended to induce appellant to make a statement, and the officer's subjective intent is not determinative in any event (*People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]). Appellant's Fourth Amendment argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.